25950. METROPOLITAN LIFE INSURANCE COMPANY *v.* KENNEDY.

DECIDED MARCH 20, 1937.

*Cohen & Cohen,* for plaintiff in error.

*Isaac S. Peebles Jr., Nathan Jolles,* contra.

STEPHENS, P. J: 1. On the trial of a suit by the beneficiary against the insurer in a life-insurance policy, to recover the amount payable as a double indemnity, where the death of the insured was caused from bodily injuries sustained solely through external, violent, and accidental means, where the defense was based solely on the ground that the death was the result of suicide, and therefore that under the terms of the policy there was no liability, where the court charged the jury that the plaintiff contended that the deceased met his death by accident and that the plaintiff should recover the double indemnity sued for, and that "before the plaintiff can recover in this case, if she can do so at all, she must do so by a preponderance of the evidence," and that "by preponderance of evidence is meant that greater weight of evidence on the issues involved in the case," and that in considering all the facts testified to, "the circumstances surrounding the death of the deceased, all of the circumstances and the reasonable deductions and inferences to be drawn from that testimony, in determining whether or not his death was accidental or whether it was suicidal or an intentional killing and death on the part of the deceased," and that if the plaintiff had carried the burden of proof that the death was accidental the verdict should be for the plaintiff, and if the plaintiff had not carried this burden by a preponderance of the evidence the verdict should be for the defendant, the charge of the court sufficiently instructed the jury that in reaching a verdict they should base their decision upon the evidence produced at the trial and nothing else. This charge sufficiently covered the special requests to charge, which were refused in the language requested, that the jury should reach its decision on the evidence produced at the trial and nothing else, and that the burden of proof rested upon the plaintiff, by name, to establish by a prepon-

derance of the evidence the fact that her husband, by name, met his death by external, violent, and accidental means, and that his death was the result of accident.

2. Where the court charged the jury that "when it is shown by the evidence that the deceased came to his death as a result of a gunshot wound, there is a presumption of law that his death was accidental, but that is a rebuttable presumption," and where the court also charged the jury that they should consider all the facts that had been testified to, the circumstances surrounding the death of the deceased, and the reasonable deductions and inferences from the testimony, to determine whether or not the death was accidental or suicidal, the charge covered the matter contained in the special request to charge which the court refused to give in the language requested, that if the jury "find from the physical facts connected with the death of the insured, coupled with the opinion of witnesses as to whether the death was the result of accidental means or was the result of suicide, and all reasonable inferences and deductions therefrom overcome the presumption of accident, then it would be your duty to find a verdict for the defendant."

3. The court having charged the jury as above indicated, and that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the death of the insured was an accident, as contended by the plaintiff, the charge substantially covered the matter contained in a special request to charge which the court refused to give in the language requested, that in a suit to recover for double indemnity which was payable where the insured's death was caused through external, violent, and accidental means, but which was not payable where the death was caused from the insured's own intentional act, and the insurance company defended on the ground that the insured's death was caused by suicide, the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the death of the insured was caused by external, violent, and accidental means within the terms and provisions of the policy.

4. On the trial of a suit to recover for the double indemnity payable under an insurance policy where the death of the insured was caused by external, violent, and accidental means, the burden of proof is on the plaintiff to show by a preponderance of the evi-

dence that the death of the insured was caused by external, violent, and accidental means. Where it is established by the evidence that the death was caused by external, violent, and accidental means, there is no presumption that the death was due to suicide. But there is a presumption that the death was not due to suicide. This presumption, however, is not conclusive, but is rebuttable by facts and circumstances appearing in evidence which tend to establish the death as being caused by suicide. Where the evidence is conflicting as to whether the death was due to accident or suicide, and the evidence is consistent with the reasonable hypothesis that the death was due to accident rather than suicide, there is still the presumption that the cause of the death was accidental and was not caused by suicide. *Mutual Life Ins. Co.* v. *Burson,* 50 *Ga. App.* 859 (179 S. E. 390), and cit. Therefore the court did not err in refusing to give in charge certain requested instructions to the effect that the presumption that the death was not suicidal but accidental disappears where there is evidence tending to establish that the death was suicidal.

5. Where the court charged the jury that when it was shown by the evidence that the death of the deceased was the result of a gunshot wound there was a presumption that the death was accidental, but that this presumption was rebuttable, and that the jury should consider all the facts and circumstances surrounding the death of the deceased, and the reasonable deductions and inferences from the testimony, in determining whether the death was accidental or was the result of suicide, and that if the jury did not believe that the plaintiff carried the burden of showing that the death was accidental the verdict should be for the defendant, the charge substantially covered matter contained in the special request to charge which the court refused to give in the language requested, to the effect that the presumption against suicide "is not conclusive and will vanish upon proof of physical facts clearly inconsistent therewith," and if the evidence leaves no other reasonable inference than suicide the jury can not return a verdict to the contrary.

6. The court having charged the jury, as indicated, that the burden of proof to establish the case by a preponderance of the evidence was upon the plaintiff, and that the jury should consider the facts that had been testified to, and the circumstances sur-

rounding the death of the deceased, and all of the circumstances and reasonable deductions and inferences from the testimony, in determining whether the death was accidental or suicidal, and having instructed the jury that when it was shown that the deceased came to his death as a result of a gunshot wound there was a presumption that his death was accidental, but that this presumption was rebuttable, and that if the plaintiff failed to carry this burden the jury should find for the defendant, the court substantially charged, in so far as the request stated correct principles of law, the substance of the requests to charge which the court refused to give in the precise language requested, "that the fact of death by accident is not to be established by conjecture or presumption, unless there is no evidence whatever as to the cause of death," that the "presumption against death by suicide is prima facie only, easily rebuttable by physical facts in evidence, and this presumption prevails only when the cause of death is unknown," and that the fact of suicide must be established by a preponderance of the evidence, "but the presumption against it is not conclusive and will vanish upon proof of physical facts clearly inconsistent therewith," and "if the evidence adduced is such as to leave no other reasonable inference than suicide, then you, the jury, can not lawfully return a verdict to the contrary."

7. Since the only issue presented by the evidence respecting the cause of the death of the deceased was whether it was the result of external, violent, and accidental means or was the result of suicide, no issue was presented as to whether the act which caused the death was accidental means in the sense that it was unforeseen, unexpected, or unusual, as was held in *American Ins. Co.* v. *Chappelear,* 51 *Ga. App.* 826 (181 S. E. 808), as being such accidental means causing death which under the terms of the policy established a liability for double indemnity. Therefore the court did not err in refusing a request to charge to the effect that if the shot which caused the deceased's death was not unforeseen, not unexpected, or not unusual, it was not accidental means in the sense of the policy. Nor did the court err prejudicially to the defendant in charging the jury that if the plaintiff had carried the burden of proof by showing that the killing was accidental, the jury should find for the plaintiff.

8. Where the court charged the jury that they should consider

all the facts that had been testified to in the case, the circumstances surrounding the death of the deceased, and all the circumstances and reasonable deductions and inferences from the testimony in determining whether the death was accidental, or suicidal, or an intentional killing on the part of the deceased, the charge substantially covered the matter contained in a request to charge, which the court refused to give in the language requested, that in determining whether the death was the result of accidental means or suicide the jury should consider the circumstances surrounding the death, the physical marks on the wall or ceiling, the course of the shot, and the evidence, if any, of the proximity of the gun to the deceased, and that after considering these facts the jury should then determine whether the plaintiff had carried the burden of establishing by a preponderance of the evidence that the deceased met death through accidental means, and that if the plaintiff failed to show this by a preponderance of the evidence the verdict should be for the defendant.

9. Since the defendant's sole defense was that the death of the deceased was caused by suicide, and that therefore it was not "caused solely and entirely by accidental means," which under the terms of the policy would authorize the plaintiff to recover the double indemnity sued for, it was not error prejudicial to the defendant, as not truly stating the defendant's contentions, for the court to charge that the defendant contended that the deceased met his death intentionally and by suicide.

10. The charge is nowhere subject to the exception that the court therein expressed an opinion as to which party should prevail.

11. The charge that when it is shown by the evidence that the deceased came to his death as a result of a gunshot wound there is a presumption that his death was accidental, but that this presumption is rebuttable, was a correct and complete statement of the law applicable to the case, and was not error in that the court did not, in connection therewith or elsewhere in the charge, state that the burden rested upon the plaintiff, in failing to state how the presumption was rebuttable, in failing to state that the presumption was rebuttable, by physical facts and by the evidence, etc., or that the court failed to charge that the burden was upon the plaintiff to show by a preponderance of the evidence that the

death of the insured was caused by external, violent, and accidental means.

12. Where it appeared from the evidence that the insured was found dead, his body lying on the porch of his residence with his head near a door to the house and his feet near another door, with a shotgun lying across or by the body, and a fire-poker near the body, that the body was some distance from a chair on the porch which contained some marks which may have been made from the discharge of the gun, and on the back of which was a bloody cloth, that the chair was standing and was not overturned, that on the body between the fifth and sixth ribs was a gunshot wound where the discharge from the gun had entered, and which bore evidences of powder burns, that the discharge from the gun after entering the body came out in the back near the left shoulder, that on the side of the wall above a door and near the ceiling there were marks and also blood and body tissue, that the deceased, about an hour before his body was found and also several hours before, had been in good spirits and was in a jovial and jocular mood, was jubilant over the prospects of farming operations which he was undertaking, and had promised to umpire a ball game, that while he owed some debts his financial troubles were not any more than he could take care of with his salary, that he had expressed himself as intending to do certain things in the future, that his domestic conditions were amicable, that there appeared tracks made by him coming from the garden to the porch on which his body was found, that at the garden there was evidence of tomatoes being disturbed by chickens, that neighbors' chickens had been disturbing the deceased's garden, and he had made threats that he would kill the chickens, that the gun was an old gun and not in good condition, that it was not safe but was "easy to go off," that it had no "safety" on it and could "go off" without being cocked, and there was no direct or positive evidence that the deceased had intentionally killed himself, but where it appeared from the evidence that on the side of the house, not far from the floor, there was a mark which might have been made from the butt of a gun being placed against the wall, but where it is inferable from the evidence that this mark might have been made by people experimenting with the gun after the deceased's body had been found, and notwithstanding it might be inferable

from the evidence, as contended by the defendant, that the deceased, who was short of stature, while sitting in the chair and leaning over, intentionally shot himself by placing the butt of the gun against the wall and discharging the gun by pushing the trigger with the poker, the evidence did not conclusively and as a matter of law demand the inference that the deceased met his death as a result of suicide, but authorized the inference that the death was caused by the accidental discharge of the gun, without suicidal intent, and that the death was caused by external, violent, and accidental means within the terms of the policy which authorized a recovery for double indemnity.

13. The verdict for the plaintiff was authorized, and no error appears. *Judgment affirmed. Sutton and Felton, JJ., concur.*