36776. COLONIAL LIFE & ACCIDENT INSURANCE CO. *v.* CROOM.

DECIDED JULY 9, 1957—REHEARING DENIED JULY 23, 1957.

*John P. Rabun, C. L. Cowart,* for plaintiff in error.

*J. T. Grice,* contra.

QUILLIAN, J. 1. The policy contained the following provision: "The insurance under this policy shall not cover suicide while sane or insane." The policy also contained a provision which provided: "For death covered by the provisions of this policy, where it results from asphyxiation by inhaling any form of gas or vapor, shooting self-inflicted, or poison self-administered, the amount payable shall be one-fifth the amount otherwise payable for accidental death." The last quoted provision of the policy is susceptible to two different constructions. Shooting self-inflicted may mean either the intentional or unintentional shooting of one's self. *Peppers* v. *Sovereign Camp W.O.W.,* 53 *Ga. App.* 851, 855 (187 S. E. 215). In *American Cas. Co.* v. *Callaway,* 75 *Ga. App.* 799, 803 (44 S. E. 2d 400) it is stated: " 'If any doubt should exist in regard to the construction of the contract of insurance, the doubt should be resolved in favor of the insured, and the policy should be liberally construed in favor of the validity of the contract and against the insurance company.' *Mutual Life Insurance Co.* v. *Durden,* 9 *Ga. App.* 797 (10) (72 S. E. 295). This case states the general rule that if the policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured."

Under the rule above stated the provision in question will be construed, in the present case, to mean shooting intentionally self-inflicted. Under this construction the plaintiff would be entitled to one-fifth of the face value of the policy whether the insured intentionally or unintentionally shot himself. The face value of section two of the policy, under which the plaintiff sued, was $12,500, therefore the verdict for $2,500 and interest was demanded.

It being undisputed that the defendant refused to pay the death claim upon proof of the same being presented by the

plaintiff in the manner prescribed by the policy, and that thereafter when suit was filed on the policy the defendant failed to file defensive pleadings which presented any issuable defense to the plaintiff's right of recovery the verdict for attorney's fees was authorized.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*