## 37346. LIBERTY NATIONAL LIFE INSURANCE COMPANY *v.* COX.

CARLISLE, Judge. This was a suit to recover additional indemnity on account of accidental death of the insured on two policies of life insurance. One of the policies contained an exclusion under the additional benefits provision that where death resulted from suicide whether sane or insane such benefits would not be provided, and the other contained an exclusion that where death resulted from self-destruction, whether sane or insane, such benefits would not be provided. The evidence showed that the deceased took his 22-caliber rifle and went out of the house stating to his wife (the plaintiff) that he was going hunting; that he stopped in the back yard and squatted down petting his Boxer dog and was last seen holding the rifle in his right hand and thus engaged some five or ten minutes before the witnesses heard the fatal shot, and that upon hearing the shot, the witnesses found the deceased lying on his back mortally wounded by a bullet fired at close range. There was testimony that the insured had never evidenced an intention to commit suicide and the evidence otherwise affirmatively showed that he had no difficulties which would apparently induce such an intent. There was evidence that the gun was defective and could be accidentally discharged merely by being jolted, and the death certificate introduced stated that the cause of death was suicide and that the fatal wound was self-inflicted. The jury found for the plaintiff and the defendant made a motion for a new trial which was amended by the addition of one special ground amplifying the general grounds, and the exception here is to the judgment denying that motion. *Held:*

The term "self-destruction" as used in the exclusion of policy benefits under the double indemnity provision of the second policy will be construed to mean intentional self-destruction, and when so construed is synonymous with the word "suicide."

*Colonial Life &c. Ins. Co.* v. *Croom,* 96 *Ga. App.* 264, 265 (99 S. E. 2d 554). Accidental self-destruction is not legally suicide. *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 797 (5) (72 S. E. 295). The law never presumes suicide, but on the contrary, the legal presumption is against suicide. While the burden of proof was on the plaintiff, the direct evidence as to the facts in this case, when aided by the presumption against suicide, was sufficient to authorize the jury to find that the deceased died accidentally within the meaning of that term as used in the policy sued on. This is true notwithstanding the death certificate introduced in evidence which showed that the cause of the insured's death was due to a self-inflicted gunshot wound. This evidence merely created a conflict, but did not demand a finding that the death was suicide. See *Mutual Life Ins. Co.* v. *Burson,* 50 *Ga. App.* 859 (179 S. E. 390) ; *Jefferson Standard Life Ins. Co.* v. *Bentley,* 55 *Ga. App.* 272 (190 S. E. 50) ; *Metropolitan Life Ins. Co.* v. *Kennedy,* 55 *Ga. App.* 554 (190 S. E. 873). The trial court did not err in denying the motion for a new trial on the general grounds and on the one special ground.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 23, 1958—REHEARING DENIED NOVEMBER 10, 1958.

*Wm. A. Ingram,* for plaintiff in error.
*Neel & Ault, J. M. Neel, Jr.,* contra.

ON MOTION FOR REHEARING.

Counsel for the plaintiff in error in a motion for rehearing insist that upon proof of the cause of death and that the death was due to suicide, the presumption against suicide disappears, and that the presumption that the death was accidental cannot be used to aid the plaintiff in proving that the death was accidental in the face of the death certificate showing that the death was due to suicide. And they contend that the death certificate is controlling evidence and demands a finding that the death was due to suicide. The argument thus advanced ignores the distinction between proof of a matter and mere evidence thereof, and overlooks the fact that the resolution of the question of whether particular evidence amounts to proof of a fact lies exclusively

within the province of the jury to decide. Thus, the rules of law announced in such cases as *N. Y. Life Ins. Co.* v. *Ittner,* 59 *Ga. App.* 89 (1) (200 S. E. 522) relied on by the plaintiff in error, while perhaps not appropriate as a charge to the jury, nevertheless, are rules which relate to the procedure to be followed by the jury in resolving these questions, and have been laid down by the courts as an aid in analyzing and determining whether the jury has properly discharged its duty in this respect. In the final analysis, whether or not the prima facie evidence of the cause of death, as set out in the death certificate in this case, that the death of the insured was due to suicide, was overcome by evidence of all the facts and circumstances was a question to be decided by the jury on consideration of all the evidence. To give to the death certificate the weight and importance as evidence of the cause of death contended for by the plaintiff in error would be virtually to permit the attending physician or other person making out a death certificate to decide the very issue being tried by the jury. This we do not believe was ever the result intended to be reached by the decisions holding that a death certificate is prima facie evidence of the cause of death. The jury having decided that the death of the insured was not due to suicide or to an intentionally inflicted wound, before this court can reverse that finding, it must say that there was no evidence to sustain it. In the instant case, this court is unable to say that the jury's verdict was not authorized.

*Rehearing denied.*