## 51108. BRANTON v. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY.

EVANS, Judge.

John C. Branton was taking a prescription tranquilizer in conjunction with an alcoholic treatment

program administered by a local health department. He was found dead on March 25, 1974, in bed at his mother's home. Several bottles of pills were found by his bedside. The death certificate showed the cause of death to be "probable cerebral toxemia, anoxia and edema associated with bilateral pulmonary congestion probably due to drug overdose," occurring as stated: "overdose by accidental means."

His mother, Mrs. Etta K. Branton, sued the defendant, Independent Life & Accident Insurance Company, because the defendant refused to pay accidental death benefits in the amounts of $3,000 on one policy and $7,000 on another policy. She contends the insured's death comes within the policy definition of "death by accidental means."

The defendant answered admitting the death of the deceased was from a drug overdose, but denied the other allegations contained therein and any implication resulting therefrom that insured's death was by accidental means so to obligate defendant to pay the amounts sued for. The defense also pleaded the language of the policies defining death by accidental means as "death resulting directly and independently of all causes from bodily injury effected solely through external, violent, and accidental means, of which, except in the case of drowning or internal injuries revealed by autopsy, there is a visible contusion or wound on the exterior of the body . . ." Defendant's answer further contends there was no visible contusion or wound on the exterior of deceased's body at the time of his death. Other defenses included the failure to state a claim; that insured's death resulted directly or indirectly from self-destruction, from bodily or mental infirmity or disease; or was the result of alcoholism; all of which were excluded from the accidental death benefits provisions of the insurance policies.

The complaint was dismissed with prejudice for failure to state a claim upon which relief could be granted. Plaintiff appeals. *Held:*

1. The petition avers that the death of the deceased was by an overdose of drugs by accident causing "probable cerebral toxemia, anoxia and edema associated

with bilateral pulmonary congestion." The policies were attached to the petition which define death by accidental means as "resulting directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means, *except in case of drowning or internal injuries revealed by autopsy . . .*" (Emphasis supplied.)

2. The petition alleges death by accidental means implying an internal injury to the brain and lungs from drugs absorbed into the system as revealed by autopsy. The death certificate states the fatal overdose of drugs was "by accidental means."

3. Under our present notice pleadings, the petition must be construed most favorably to the plaintiff with all doubts resolved in his favor, even if contrary inferences may also be drawn therefrom. A motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that plaintiff would not be entitled to relief under any statement of facts which could be proved in support of his claim. *Harper v. DeFreitas,* 117 Ga. App. 236 (1), 238 (160 SE2d 260), *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498 (1, 2), 499 (164 SE2d 246).

4. We have not reached the trial stage of this case and different questions may arise at that time. But as to pleadings, the lower court erred in granting the motion to dismiss. The complaint pleaded the death certificate which recited "the overdose [of drugs was] by accidental means." This recital is presumed at this stage to be true, that is, they are "prima facie evidence of the facts therein stated." Code § 88-1724 (c). Such presumption must be by defendant rebutted at the trial of the case. *Davis v. Atlantic Steel Corp.,* 91 Ga. App. 102 (84 SE2d 839); *Liberty Nat. Life Ins. Co. v. Cox,* 98 Ga. App. 582 (106 SE2d 182).

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 15, 1975 — REHEARING DENIED NOVEMBER 4, 1975 —

*Douglas L. Breault,* for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, James E. Humes,* for appellee.