## 58359. KING v. THE STATE.

BANKE, Judge.

The appellant was indicted for murder and convicted of voluntary manslaughter. He appeals the denial of his motion for new trial. *Held:*

1. The appellant contends that it was error to admit a certified copy of the victim's death certificate, where the date of registration of the certificate did not appear clearly thereon as required by Code Ann. § 88-1724 (a) (Ga. L. 1964, pp. 499, 595, as amended through Ga. L. 1969, pp. 715, 716). Assuming arguendo that this contention would otherwise have any merit, it cannot be considered since it was not made at trial. "The attention of the court must be called to the specific ground of objection at the time the evidence is offered; and unless this is done no question is raised for decision by this court. [Cits.]" *Laney v. Barr,* 61 Ga. App. 145 (1) (6 SE2d 99) (1939).

2. The appellant also contends that it was error to admit the death certificate because it contained conclusionary statements by the medical examiner to the effect that the victim was "shot by another" and that the immediate cause of death was "gunshot wound of side and back." The latter statement provided the only direct evidence that the victim died from gunshot wounds.

The law regarding the evidentiary value to be given the recitals in a death certificate is currently less than crystal clear. Ga. L. 1964, pp. 499, 595 (Code Ann. § 88-1724 (c)) provides that a properly certified copy of a death certificate "shall be prima facie evidence of the facts

therein stated . . ." provided that the certificate is filed within a year of the death and has not been amended. In *Branton v. Indept. Life &c. Ins. Co.* 136 Ga. App. 414, 416 (4) (221 SE2d 217) (1975), this court held that a conclusion appearing in a death certificate to the effect that the decedent's death by overdose of drugs was caused "by accidental means" was entitled to be considered evidence under the statute. The Supreme Court vacated this holding in *Indept. Life &c. Ins. Co. v. Branton,* 236 Ga. 514 (224 SE2d 380) (1976), and remanded the case for "further consideration and clarification . . . on this issue." On remand, however, the issue was determined to be irrelevant to the appeal, and no such clarification was forthcoming. See *Branton v. Indept. Life &c. Ins. Co.,* 138 Ga. App. 365 (226 SE2d 161) (1976).

The issue was finally confronted in *State Mut. Ins. Co. v. Sullens,* 147 Ga. App. 59 (2) (b) (248 SE2d 18) (1978) (cert. den.). The death certificate involved there specified that the immediate cause of death was "drowning, due to bilateral subdural hemorrhage due to blow to head (or blows)." The court held the conclusion that drowning was the immediate cause of death to be entitled to acceptance as evidence but ruled that the conclusion that the drowning resulted from blows to the head had no probative value. Thus, the rule appears to have emerged that a death certificate serves as prima facie evidence only of (1) the death itself and (2) the immediate agency of the death. Other conclusions, such as those regarding the events leading up to the death or whether the cause of death was intentional or accidental, are not admissible. Applying this rule to the case before us, we hold that the death certificate was properly admitted as evidence that the victim died of gunshot wounds, but that the statement contained therein that the victim was shot "by another" should have been excluded upon objection. However, as discussed in Division 3, infra, this latter conclusion was merely cumulative of other, properly admitted evidence showing that the appellant did the shooting, and thus no grounds for reversal resulted from its admission via the death certificate.

3. It was not error to deny the appellant's motions for directed verdict of acquittal. As indicated in Division 2,

supra, proof that the victim died of gunshot wounds was provided by the death certificate. Proof that the appellant did the shooting was provided by his own testimony that he shot the victim in self-defense. See generally *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975). "A jury may be authorized to rely on the incriminating portion of a defendant's testimony while rejecting other portions which are exculpatory. [Cits.]" *Hearn v. State,* 145 Ga. App. 469 (1) (243 SE2d 728) (1978). The evidence showing that one of the bullets entered the victim through the back provided the jury ample basis to reject the appellant's claim of self-defense while accepting his admission that he did the shooting.

4. It was not error to sustain the state's objections to the questions asked of appellant by his counsel on surrebuttal, since the appellant had answered each of these questions in his previous testimony. The case of *Walker v. Fields,* 28 Ga. 237 (3) (1859), cited by the appellant, is inapposite, since in that case the surrebuttal witnesses had not previously been asked the same questions.

5. The remaining enumerations of error concern the trial court's failure to give various jury charges requested by the appellant. We have carefully examined each of these enumerations of error and have concluded that they show no grounds for reversal. Each legal principle contained in the requested charges was correctly covered in the court's charge as given. See *Carter v. State,* 146 Ga. App. 322 (3) (246 SE2d 378) (1978).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

Submitted September 24, 1979 — Decided October 16, 1979.

*L. Paul Cobb, Jr.,* for appellant.
*Louis F. Ricciuti, Richard E. Hicks, Assistant District Attorney,* for appellee.