## A94A2551. SWANSON v. THE STATE.
(453 SE2d 78)

BLACKBURN, Judge.

Following a trial by jury, the appellant, David Hal Swanson, was found guilty of one count of voluntary manslaughter.

In the early morning hours of May 2, 1992, Swanson arrived home from work, having had two or three beers on the way. Upon his arrival, he found his wife intoxicated and unable to go out for breakfast. He got in his truck and drove to the victim, Larry Gunter's trailer after she went to bed. Once he arrived, Swanson placed a .45 caliber Colt semi-automatic pistol in his waistband and walked the distance to the trailer. He peered through the front window and saw a videotape in progress of his wife and Gunter in the act of sexual intercourse. Swanson then knocked on the trailer's door. Gunter, unarmed, came outside. Words were exchanged, and Swanson drew his pistol and pointed it at Gunter, demanding that Gunter return the videotape. A struggle for the gun ensued, and Swanson fired three times, killing Gunter. At trial, Swanson testified that seeing the videotape just before confronting the victim was "like slap in the face"; that "he lost his breath"; that he "was enraged," "mad," "scared to death"; and that he did not even see Gunter as he pulled the trigger.

Two weeks earlier, he had gone to Gunter's trailer and confronted him about the affair he believed Gunter was having with his wife. Approximately 11 years earlier, Swanson had returned home early to find his wife dressed in a pair of stockings and panties. He had beaten Gunter up on that occasion and told him not to come

back.

1. Swanson first enumerates that the trial court erred by admitting into evidence a certified copy of Gunter's death certificate. Citing *King v. State*, 151 Ga. App. 762, 763 (261 SE2d 485) (1979), Swanson asserts that the death certificate was inadmissible hearsay in that it expressed an opinion that the cause of death was a "gunshot wound of chest and gunshot wound of back." "[A] death certificate serves as prima facie evidence only of (1) the death itself and (2) the immediate agency of the death. Other conclusions, such as those regarding the events leading up to the death or whether the cause of death was intentional or accidental, are not admissible." *King*, supra at 763. The words complained of gave no more than an indication of the immediate agency of death. See *Dunn v. State*, 251 Ga. 731 (2) (309 SE2d 370) (1983). Moreover, the trial court admitted the death certificate in evidence over Swanson's hearsay objection after redacting the words "Shot by another" from the death certificate. Accordingly, this claim of error is without merit.

2. Appellant next enumerates that the trial court erred by denying his motion for directed verdict of acquittal after the close of the State's evidence.

"[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. [Cit.]" *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311) (1984). Proof that Gunter died of gunshot wounds was provided by the death certificate. *King*, supra. Swanson admitted shooting the victim a short time before Gunter was found dead at the location where Swanson said he would be found. The medical examiner's testimony confirmed that Gunter died as a result of the gunshot wounds inflicted upon him. Accordingly, we find that the motion for directed verdict of acquittal was properly denied.

3. Swanson last asserts that the trial court erred by sua sponte charging the jury on the lesser included offense of voluntary manslaughter. In this regard, appellant argues *Humphreys v. State*, 175 Ga. 705 (165 SE 733) (1932) for the proposition that the trial court's voluntary manslaughter charge was here error. We disagree.

In *Humphreys*, supra at 709, the court found that a voluntary manslaughter charge is not warranted absent "some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or *other equivalent circumstances* . . . to justify the excitement of passion, and to exclude all idea of deliberation or malice either express or implied." Finding evidence of premeditated murder before it, rather than voluntary manslaughter, the trial court in *Humphreys* elected not to give a voluntary manslaughter instruction. In the instant circumstances, we conclude that the trial court's voluntary manslaughter charge was

proper in that the evidence indicates that Swanson acted out of a sudden, violent, and irresistible passion resulting from seeing Gunter and his wife in videotaped sexual activity. The law requires at least some evidence to support a voluntary manslaughter charge. *Gregg v. State*, 233 Ga. 117, 121 (210 SE2d 659) (1974). We find that such evidence was present. This enumeration of error is therefore without merit.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

Decided December 16, 1994 —
Reconsideration denied January 3, 1995 — 

*Lee Sexton & Associates, Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, Tom Woodward, Assistant District Attorney,* for appellee.