S94A1435. BENNETT v. THE STATE.
(453 SE2d 458)

BENHAM, Presiding Justice.

This appeal follows appellant's conviction of felony murder and possession of a firearm during the commission of a felony wherein the victim died from a gunshot wound to the head fired at close range

from a .357 Magnum handgun.[1]

The State presented evidence establishing that appellant resided with the victim, the victim's brother, and a set of twin brothers, Jerry and Gary Wages. Jerry Wages testified that on the night of October 10, 1992, he and the victim went to a bar around 7:00 and returned home around 11:00 to obtain some money from appellant. While Wages remained in the living room, the victim went to appellant's bedroom located at the back of the house. Hearing the victim and appellant arguing, Wages walked back to the bedroom where he observed appellant sitting on the bed and the victim standing against the wall to the left of the bedroom door. As Wages stepped into the bedroom, appellant pointed a gun at the victim and shot him in the head.

1. Appellant contends that the evidence was insufficient to convict him of felony murder because the state failed to prove beyond a reasonable doubt that the appellant did not act in self-defense. Appellant testified that the victim had come into his room, demanded that appellant pay rent, and subsequently demanded that appellant give the victim appellant's gun. Appellant testified that he became frightened because Wages was standing behind the victim telling him to take the gun from appellant. Appellant further testified that he brought the gun to "target shooting position" and shot the victim when the victim started toward him. That testimony placed the defense of justification before the jury and placed on the State the burden of disproving the defense beyond a reasonable doubt. *Anderson v. State*, 262 Ga. 7 (2) (413 SE2d 722) (1992). Contradicting appellant's testimony, however, Wages testified that the victim did not threaten appellant. Thus, the issue became one of credibility, which is for the jury to decide. *Willingham v. State*, 262 Ga. 324 (2) (c) (418 SE2d 25) (1992). The jury's verdict indicates that it believed the evidence contrary to appellant's justification defense. Our review of the evidence persuades us that the evidence was sufficient to disprove the justification defense beyond a reasonable doubt and to authorize a trier of fact to find appellant guilty beyond a reasonable doubt of felony murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also enumerates as error the trial court's instruction on his sole defense of justification, contending that the charge given

---

[1] The crimes occurred on October 10, 1992. Appellant was arrested on the same day and indicted on June 10, 1993. The trial commenced on January 24, 1994, and the jury returned its verdicts the following day. Appellant was sentenced to life imprisonment for felony murder and received a five-year concurrent sentence for the firearm possession conviction. His motion for new trial, filed February 23, 1994, was denied on March 25, 1994 and a notice of appeal was filed on April 20, 1994. The appeal was docketed in this court on June 20, 1994, and was orally argued on October 11, 1994.

omitted language indicating that a person was justified in using deadly force against another when the person reasonably believed such force was necessary to prevent the commission of a forcible felony. The trial court informed the jury that a person was justified in using force likely to cause death or great bodily injury "only if that person reasonably believes that such force is necessary to prevent death or great bodily harm or injury to himself." The court's charge did not include the words "or to prevent the commission of a forcible felony" at the conclusion of the charge. However, the trial court followed the challenged instruction with a detailed charge on the definition of a forcible felony, and subsequently included the initially omitted words at the conclusion of each applicable charge. The court further instructed the jury that:

> [I]t is not essential to justify a homicide that there should be an actual assault made upon this defendant. Threats accompanied by menaces, though the menaces do not amount to an actual assault, may in some instances be sufficient to arouse a reasonable belief that one's life is in imminent danger or that one is in imminent danger of great bodily harm or that a forcible felony is about to be committed upon one's person.

Although incomplete, the initial charge on justification was not an incorrect statement of the law. Viewing the charge in its entirety, especially the trial court's repeated references to the prevention of a forcible felony, we conclude that the trial court adequately instructed on the principles of justification in a manner not likely to mislead or confuse the jury. *Parks v. State*, 234 Ga. 579 (5) (216 SE2d 804) (1975).

3. Citing *Chandler v. State*, 261 Ga. 402 (3) (405 SE2d 669) (1991), appellant contends that the trial court erred in excluding evidence of the victim's prior acts of burglary and obstruction of an officer. He argues that these prior acts were relevant to demonstrate the victim's propensity for violence and his propensity to take property from other persons. Citing Justice Weltner's special concurrence in *Lolley v. State*, 259 Ga. 605, 607-610 (385 SE2d 285) (1989), which was adopted in *Chandler*, appellant further asserts that the victim's prior acts were relevant to the credibility of appellant's version of the facts, and would assist the jury in determining whether the victim intended to commit violence upon appellant.

We held in *Chandler*, that evidence of specific acts of violence by a victim against third persons is admissible when a defendant claims justification. Appellant asserts that the trial court erred in excluding the burglaries committed by the victim because they are inherently dangerous crimes which might have led to violence. This argument is contrary to our holding in *Wells v. State*, 261 Ga. 282 (4) (404 SE2d

106) (1991), where we stated that the burden rests on the defendant to show that the prior crimes involved violence and were therefore relevant to a claim of justification. Appellant's argument is particularly untenable in light of the facts underlying the victim's prior convictions. The record contains no evidence to indicate that persons were harmed or that any of the dwellings were occupied when the victim committed the burglaries. Because the convictions do not entail any specific act of violence, they are not admissible under either *Chandler* or *Wells.*

4. Appellant also contends that the trial court improperly limited his cross-examination of one of the State's witnesses. The witness, an acquaintance of appellant, testified on direct examination that, in a conversation with appellant several days prior to the murder, appellant stated that the victim and Wages had been fighting among themselves but were not "going to jump on me because they know I've got a gun, and they know I'll shoot them." On cross-examination, appellant attempted to question the witness about a remark appellant allegedly made to the witness in a subsequent conversation regarding the victim's attempt to borrow the appellant's gun to "go shoot somebody or something that had ripped him off with some drugs or something."

"Although appellant is entitled to a thorough and sifting cross-examination of a witness, the scope of such cross-examination is within the sound discretion of the trial court. [Cits.]" *White v. State,* 253 Ga. 106 (4) (317 SE2d 196) (1984). The victim's previous request to borrow appellant's gun does not tend to prove that the victim was attempting to forcibly take appellant's gun on the night of the murder. Because such testimony was not relevant to appellant's defense of justification, the court did not abuse its discretion in restricting the cross-examination of the witness.

5. Citing *King v. State,* 151 Ga. App. 762 (2) (261 SE2d 485) (1979), appellant contends that the trial court erred when it failed to exclude the word "homicide" from the death certificate upon its admission into evidence. *King* holds that conclusions on a death certificate of the events leading up to the death or regarding whether the cause of death was intentional or accidental are inadmissible. *King,* 151 Ga. App. at 763. However, "[t]he word 'Homicide' was nothing more than an indication of the immediate agency of death." *Dunn v. State,* 251 Ga. 731 (2) (309 SE2d 370) (1983). Accordingly, we find no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 20, 1995.

*Vansant, Corriere, McClure & Dasher, K. Alan Dasher,* for ap-

pellant.

*Britt R. Priddy, District Attorney, Kenneth B. Hodges, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.