## 29702. LYNCH v. THE STATE.

GUNTER, Justice.

Appellant was convicted of rape in the Superior Court of Habersham County and sentenced to nine years. He argues on appeal that the evidence was insufficient to support the verdict, that his character was wrongly placed in evidence, that a statement made by the victim to a policeman shortly after the crime should not have been admitted into evidence, and that certain requests to charge should have been given.

The victim testified that on October 29, 1973, she heard a knock on the door of her home; that she opened the door slightly and saw appellant, whom she had known all his life; that appellant grabbed her, threatened her with a knife, pushed her onto the floor and had sexual intercourse without her consent; that appellant quickly left; that she attempted to make a phone call but the phone was dead; that she went out of the house and flagged down a passing policeman, to whom she reported the crime; and that she was promptly taken to a doctor for a medical examination. The time from the rape to the examination was no more than 1 hour.

The policeman testified that when he picked up the victim her clothes were torn, she was "very nervous and upset," and she told him that appellant "broke into her house and attacked her."

The doctor testified that the victim's clothes were torn and buttons were ripped off; that she had bruises and abrasions; that she was emotionally upset and her voice was shakey; and that a pelvic examination revealed a fresh tear of the vagina and live sperm.

Appellant's defenses were alibi and insanity. He and two witnesses in his behalf testified that he was at the home of his mother and at a neighboring gas station around the time of the crime. There was no expert testimony supporting the claim of insanity, although there was evidence of a history of mental illness and hospitalization, including electric shock treatment.

### A.

Appellant has enumerated error on the general grounds and on the failure of the trial court to grant a directed verdict in his favor. The only specific argument under these enumerations is that the evidence was insufficient because there was no corroboration of the victim's identification of appellant. "This court has consistently held that only the fact of commission of the crime of rape must be corroborated by other evidence and that corroborating identification evidence is not necessary." *Clemmons v. State*, 233 Ga. 187 (210 SE2d 657) (1974). The evidence was sufficient, and the denial of a directed verdict was not error.

### B.

Appellant argues that his character was wrongly put in evidence. Two incidents during the trial are involved.

First, when the doctor was testifying he stated that he had previously seen the appellant several years earlier in a hospital emergency room after an auto accident. The doctor's testimony continued: "Q. Did you detect anything unusual about him insofar as his conversation or his responses or replies to you? A. Yes, he was a rather nasty fellow to deal with, if that's what you mean, he was violent. Q. No, sir, I mean as far as his mental capacity is concerned?" At that point the defense made a motion for mistrial. The trial court instructed the jury to disregard

the statement of the doctor and denied the motion for mistrial.

On cross examination of the victim by the defense, the victim was asked how long she had known appellant and replied that she had known him all of his life. Her testimony continued: "Q. Has he ever worked for you? A. Yes, he worked when he was about 6 or 7 years old, maybe 7 or 8, he picked up eggs with his family but after that he got into some — I don't know what it was and they sent him to reformatory school down there." The trial judge, on his own motion, instructed the jury to disregard the last statement and denied appellant's subsequent motion for mistrial on this point.

In *Woods v. State*, 233 Ga. 495, 498 (212 SE2d 322) (1975), a witness for the state was asked if she knew the defendant and answered, "I met Sonny in prison with my brother." This court held: "The granting or refusal to grant a mistrial has long been held to be largely in the discretion of the trial judge, but a mistrial should be granted when it is essential to preserve the right of fair trial. See *Queen v. State*, 131 Ga. App. 370, 372 (205 SE2d 921) (1974). Where illegal evidence is admitted at the trial, it is not error to refuse the grant of mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury. See *Carrigan v. State*, 206 Ga. 703 (3) (58 SE2d 407) (1950), and *Eden v. State*, 43 Ga. App. 414 (1) (159 SE 134). In a similar case, *Britten v. State*, 221 Ga. 97, 102 (143 SE2d 176) (1965), a witness injected the defendant's character into issue by way of reference to a prior act of misconduct in an answer that was not responsive to the question put to him by the solicitor. This court held that the trial judge's instruction to the jury to ignore the answer and not consider it, was sufficient and the failure to grant a mistrial was not error. We hold that the trial court did not err in failing to grant a mistrial under the circumstances in this case." Likewise, there was no error in failing to grant the mistrial in the case at bar.

## C.

Appellant argues that the policeman should not have been permitted to testify as to the contents of the victim's report to him. A rape victim's description of the crime to a

person encountered immediately after the crime and while the victim is still "very nervous and upset" is admissible. This rule applies where the person encountered is a policeman as well as in other cases. *Price v. State,* 233 Ga. 332 (211 SE2d 290) (1974).

### D.

Appellant has enumerated as error the failure of the trial court to give certain requested instructions. This enumeration is not supported by argument or citation of authority and should be treated as abandoned. Rule 18 (c) (2); *West v. State,* 229 Ga. 427 (192 SE2d 763) (1972). Furthermore, there was no error. The requested charges all involve either the defense of consent, the need for corroboration of identification of the defendant, or the defense of insanity. The requested instruction on corroboration was erroneous under *Clemmons,* supra. The defense of insanity was fully and fairly charged. The defense of consent was not raised by the evidence, and the judge charged that the crime of rape occurs only when there is carnal knowledge of a female "forcibly and against her will."

The judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 4, 1975 — DECIDED MAY 20, 1975.

*James M. Rea,* for appellant.

*V. D. Stockton, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.