### 31199. GOOGE v. THE STATE.

NICHOLS, Chief Justice.

The appellant was convicted of murder in Chatham County Superior Court in 1971 and sentenced to life imprisonment. Appellant later filed a petition for habeas corpus alleging denial of the right to appeal. The habeas court then ordered that an out-of-time appeal be granted.

The record shows that at around 5:30 p.m., February 23, 1970, the nearly nude body of a man with fatal head injuries was found in a rural area of Chatham County. About six weeks later the appellant's parents, who lived in Florida, called the local police and told them that their son had told them he had killed a man. They related that their son told them he had met a man in a bar in Savannah and they had several beers together, that they left the bar

together, and while in appellant's car, the man struck him and he retaliated by hitting the man with a tire tool several times, thus causing his death. They also related that their son said the man's name was May. The Florida police notified the Chatham County police, who launched an investigation resulting in appellant's arrest and conviction. The appeal is from such conviction.

1. The first enumeration of error complains of the overruling of his motion for mistrial because of the improper introduction in evidence of defendant's character. A Florida police officer, while on cross examination by defendant's counsel, was asked repeatedly about appellant's arrest. He was then asked: "Well could it have been days before that?" The witness became confused as to the question and thought he was being asked had the appellant been arrested before that and answered: "He does have a arrest record, before we picked him up if that's what—" at which point he was interrupted. The jury was excused at this point and after colloquy the motion was overruled and the jury was instructed to disregard any reference to an arrest record.

This court held in *Lynch v. State,* 234 Ga. 446, 448 (216 SE2d 307) (1975), where similar statements were made in the presence of the jury, that where proper instructions are given to disregard these references to past arrest or convictions, it is not error to overrule the motion for mistrial. This is particularly true where counsel for the defendant continues to press the subject and confuses the witness into giving an answer that is not responsive to the question. There is no merit to this enumeration of error.

2. The second enumeration of error complains of the failure to give a requested charge on heat of passion. The only evidence as to heat of passion was the story related to police by appellant's parents. The parents did not testify on the trial, but the police officer related the story to explain his conduct in investigating the appellant. The appellant testified at his trial and admitted telling his parents the story, but denied its truth. He explained telling his parents the story of killing a man whom he had met in a bar as an attempt to aggravate them because they would not lend him money until an income tax refund

check arrived.

There being no probative evidence to support a charge on heat of passion, the trial court did not err in failing to give the requested charge.

The evidence authorized the conviction and the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1976 — DECIDED JUNE 30, 1976.

*James C. Bonner, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.