### 54591. TAYLOR v. THE STATE.

BIRDSONG, Judge.

The appellant Taylor appeals his conviction for possession of a large amount of drugs in violation of Georgia's Controlled Substances Act and Dangerous Drug Act. He was sentenced for an indefinite period under the Youthful Offender Act. Taylor enumerates two alleged errors. *Held:*

1. In his first enumeration of error, Taylor complains that a witness for the state improperly placed Taylor's character in evidence by referring to the fact that Taylor was a committed juvenile receiving treatment at a half-way house supervised by the witness and administered by the State Division of Youth Services. This answer was given in response to a question seeking to determine why the witness went to Taylor's home and took custody of his person. Taylor's counsel moved for a mistrial. The trial court denied the motion and instructed the jury in appropriate and strong language to disregard

the question and answer. As the testimony did not show that Taylor was undergoing drug rehabilitation treatment or that he was committed because of a crime, we are not prepared to hold that the unresponsive answer of the state's witness unlawfully placed Taylor's character in issue. Accordingly, we need pursue the question no further than to observe that, assuming error, under these circumstances it was harmless as it was fully corrected by the comprehensive and curative instruction of the trial court directing the jury to disregard the evidence in its entirety. *Ramey v. State,* 238 Ga. 111, 112 (2) (230 SE2d 891) (1977); *Googe v. State,* 237 Ga. 175, 176 (227 SE2d 51) (1976); *Lynch v. State,* 234 Ga. 446, 448 (216 SE2d 307) (1975).

Subsequently, during the trial, another state's witness testified concerning appellant's apprehension. The witness testified that he and his partner split to cover the front and back doors. He was asked if this was a police-type maneuver. The witness replied that he was aware that a large amount of drugs was in the house and that he covered the back to prevent anyone from exiting there, although he was concerned only with Taylor because Taylor was in their custody. At this point, counsel again moved for a mistrial on the previously mentioned ground. The trial court overruled the motion without comment or instruction to the jury.

We find no error in the trial court's procedure. The evidence did not directly connect the appellant to any crime or criminal activity. The answer simply tended to show why the officer was where he was and why he acted as he did. Such evidence properly explained his conduct. As such it was admissible. Evidence, otherwise admissible, does not become inadmissible simply because it might inferentially place the accused's character in issue. *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744) (1962); *Calloway v. State,* 141 Ga. App. 125 (232 SE2d 603). The evidence being admissible, it was not error for the trial court to deny the motion for a mistrial nor to fail to instruct the jury to disregard the testimony. Even assuming the evidence might have been of questionable evidentiary value, it was so similar in context to that which had earlier been the subject of an instruction to

disregard, that it is reasonable under the particular facts of this case to presume that the jury applied the same disregard to the evidence. Under any theory, we find no error working against the material rights of this defendant.

2. In his second enumeration, appellant complains that the trial court erred in failing, sua sponte, to require the state to make a showing of voluntariness prior to the introduction of a statement of appellant admitting his complicity in the burglary leading up to the possession of the drugs in question. The record fails to show either a request for a Jackson-Denno hearing or an objection to the evidence of Taylor's statement at the time of its offer by the state. Nor was any showing made that Taylor's statement was involuntary. "Absent a proper objection and any evidence that the defendant's in-custody statement was involuntary, the admission of such statement in evidence without a hearing as to its voluntariness (as is provided for in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE 2d 908, 1 ALR3d 1205)) was not error." *Fountain v. State,* 228 Ga. 306, 309 (7) (185 SE2d 62) (1977). See *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58) (1972). This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED NOVEMBER 15, 1977.

*Herbert Shafer,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.