## 54644. SMITH v. THE STATE.

BIRDSONG, Judge.

The appellant Smith was convicted of forgery in the first degree and sentenced to serve eight years. He enumerates three errors. *Held:*

1. In the first enumeration, Smith asserts that the trial court erred in failing to grant a mistrial when the state improperly placed the defendant's character before the jury. The incident occurred during the direct examination of a state witness when the prosecutor was seeking to introduce a pre-trial statement made by Smith to the witness. The prosecutor was attempting to establish that Smith was in the presence of the witness as a foundation for the admission of the confession. The witness indicated that Smith was at the station house, whereupon the state asked if Smith was under arrest at the time. It was this question and the affirmative answer which gave rise to this enumeration of error. At no time did the witness indicate in the presence of the jury why Smith was under arrest or that the arrest was for a crime other than that for which Smith was being tried. The trial

court denied the motion for a mistrial but instructed the jury to disregard the question and answer in its entirety.

Reference to an arrest, made in the presence of the jury without other detail, is harmless error where proper instructions are given to disregard the reference to the past arrest and it is not error to overrule a motion for mistrial based thereon. *Ramey v. State,* 238 Ga. 111, 112 (2) (230 SE2d 891); *Googe v. State,* 237 Ga. 175, 176 (227 SE2d 51); *Lynch v. State,* 234 Ga. 446, 448 (216 SE2d 307). This enumeration is without merit.

2. In his second and third enumerations of error, Smith avers that the trial court erred in allowing into evidence the check in question because it contained thereon the notation "check forged," and by failing sua sponte to charge the jury to disregard or to avoid removing or looking under the protective cover placed over that notation. The notation was covered by direction of the trial court prior to the admission of the check into evidence.

These enumerations likewise are without merit. In the first place, we note that a witness was allowed to refer to the document as a forged check without objection. Further, the evidence clearly showed that the check had been stolen while blank and that the entire check had been prepared without the consent of the payor. Finally, the trial court required the state to cover the notation upon the check prior to its delivery to the jury. Appellant did not request either orally or in writing that the trial court give the above-described instruction. Nor has appellant shown that the jury was ever aware of the notation or that the jury disregarded the instruction given in its presence, that the notation be covered up so that no one could see it. We will not reverse a case for error unless it is shown to be harmful *(Dill v. State,* 222 Ga.793 (1)(152 SE2d 741)), and even assuming arguendo that the evidence was wrongfully admitted, it was cumulative and harmless where the same evidence had previously been admitted without objection. *Glass v. State,* 235 Ga. 17 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53).

*Judgment affirmed. Deen, P.J.,and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED DECEMBER 5, 1977.

*David Roy Hege,* for appellant.

*Thomas H. Pittman, District Attorney, Fred W. Rigdon, Jr., Assistant District Attorney,* for appellee.