39851. DUNN v. THE STATE.

GREGORY, Justice.

Lonnie Carlton Dunn was convicted of the murder of Robert Allen Covey and sentenced to life imprisonment. He now appeals the denial of his motion for a new trial.

The evidence presented at trial showed that during the early morning hours of December 24, 1981, appellant's wife, Toni Marie Dunn, arrived at their house in an hysterical state. Ms. Dunn told appellant that she had been abducted and molested by two white

males in a small black car at Southlake Mall in Morrow, Georgia. After hearing his wife's account, appellant got his .12 gauge shotgun, jumped into his pickup truck and proceeded toward the Mall.

When appellant arrived at the Mall, he saw a black Pontiac Trans Am with two white males inside. Appellant cut his truck in front of the Trans Am, got out of his truck with shotgun in hand and ordered the two out of the automobile. While appellant held the shotgun on the driver, Covey, the firearm discharged striking Covey in the chest and shoulder area. Robert Allen Covey died as a result of his wounds.

After the shooting, appellant fled the scene and threw the shotgun away in some nearby woods. The next day he surrendered himself to Clayton County Police. Appellant gave an oral statement as to what happened and was placed under arrest. It was subsequently discovered that appellant's wife had lied about being abducted and molested. Appellant was indicted in two alternative counts, one for malice murder and one for felony murder.

1. Appellant enumerates as error a restriction placed on his right to pose a particular question to a prospective juror during voir dire. Defense counsel asked the juror the following question: "Do you belong to any fraternal organizations, have any hobbies?" The transcript as originally furnished to this court indicated there was an objection by the State before the prospective juror gave an answer. A colloquy followed ultimately resulting in the trial judge sustaining the State's objection. The right to inquire as to a prospective juror's connections with fraternal organizations is expressly given by statute, OCGA § 15-12-133 (Code Ann. § 59-705). It is error not to permit counsel to ask such a question. However, the transcript of the voir dire has now been supplemented and shows that the juror answered counsel's question in the negative before the objection was made. We find no harmful error.

2. In his second enumeration of error, appellant contends the trial court erred in admitting into evidence the death certificate.

Appellant argues the death certificate should have been excluded because the prosecution failed to furnish him a copy of the certificate prior to trial after a timely motion for scientific reports. OCGA § 17-7-211 (Code Ann. § 27-1303). Appellant filed a discovery motion requesting to have disclosed and produced "the results of reports of any scientific or other tests, analysis, experiments, or studies made in connection with the instant case, or copies of these reports."

"A pleading to constitute a request for discovery under § 27-1303 [§ 17-7-211] should give the state reasonable notice that the defense desires the disclosure of all available scientific reports no

later than ten days before trial; *this notice would be adequate if the defense specifically refers to § 27-1303 [§ 17-7-211], or if it makes clear that scientific reports, whether inculpatory or exculpatory, should be furnished prior to the ten-day limit."* (Emphasis supplied.) *State v. Meminger,* 249 Ga. 561, 563 (292 SE2d 681) (1982).

Appellant's discovery motion failed to invoke the provisions of OCGA § 17-7-211 (Code Ann. § 27-1303). Therefore, this statute would not provide a basis for exclusion of the death certificate.[1]

Appellant also contends the death certificate should have been excluded because the word "Homicide" is typed in the box marked, cause of death.

Homicide is the act of a human being in taking away the life of another human being. *Black's Law Dictionary,* 5th Edition, 1979; *Sanders v. State,* 113 Ga. 267, 270 (38 SE 841) (1901). It was undisputed in this case that a homicide had occurred. The issue was the intent of the defendant. "[A] death certificate serves as prima facie evidence only of (1) the death itself and (2) the immediate agency of the death. Other conclusions, such as those regarding the events leading up to the death or whether the cause of death was intentional or accidental, are not admissible." *King v. State,* 151 Ga. App. 762, 763 (261 SE2d 485) (1979). The word "Homicide" was nothing more than an indication of the immediate agency of death. We find no merit in this enumeration of error.

3. In his next enumeration of error appellant contends the trial court erred in restricting his right to a thorough and sifting cross-examination of the investigating officer, Detective Jones.

In the first instance cited by appellant he was not allowed to ask Detective Jones if he knew what the trigger pull on the weapon was. The transcript indicates the witness had no first hand knowledge of the force required to pull the trigger of the weapon involved in this case. He conducted no test to measure the force. The witness was allowed to testify that in comparison with other weapons, the trigger pull of this weapon was average. We find no error in this instance.

The second example cited by appellant deals with an effort by defense counsel to have the witness give his conclusion as to what appellant intended when the victim was shot. The right to a thorough and sifting cross-examination is not abridged where the question propounded calls for a conclusion by the witness. *Proctor v. State,* 235 Ga. 720, 725 (221 SE2d 556) (1975). The trial court properly sustained the objection.

---

[1] We do not reach the issue of whether a death certificate is a scientific report within the meaning of OCGA § 17-7-211 (Code Ann. § 27-1303).

We find no merit in this enumeration of error.

4. In his next enumeration appellant contends the trial court erred in failing to grant a mistrial after a State's witness stated appellant had an arrest record. The investigating officer, in a long and unresponsive answer to a question put by the district attorney, stated that another police officer told him that the officer believed appellant had an arrest record in Clayton County. Appellant immediately objected and after having the jury excused, moved for a mistrial. The trial court denied the motion for a mistrial but instructed the jury to disregard the answer in its entirety. Also, the jury was specifically polled by the trial court to determine whether any juror could not disregard the reference to the arrest of the defendant. All jurors indicated to the court that they could follow the instructions as given.

"Reference to an arrest, made in the presence of the jury without other detail, is harmless error where proper instructions are given to disregard the reference to the past arrest and it is not error to overrule a motion for mistrial based thereon." *Smith v. State,* 144 Ga. App. 261, 262 (240 SE2d 780) (1977); *Ramey v. State,* 238 Ga. 111, 112 (230 SE2d 891) (1976); *Googe v. State,* 237 Ga. 175, 176 (227 SE2d 51) (1976); *Lynch v. State,* 234 Ga. 446, 448 (216 SE2d 307) (1975). Under the circumstances of this case, the trial court did not err in failing to grant a mistrial.

5. In his fifth enumeration appellant contends the trial court erred in not requiring the State to elect whether to prosecute appellant for malice murder, as alleged in Count I of the indictment, or felony murder, as alleged in Count II. This issue had been decided adversely to appellant by this court in *Phelps v. State,* 245 Ga. 338 (265 SE2d 53) (1980); *Braxton v. State,* 240 Ga. 10 (239 SE2d 339) (1977); and *Cromer v. State,* 238 Ga. 425 (233 SE2d 158) (1977). In each of these cases the defendant was indicted for malice murder, and this court found no error was committed when the trial court also charged the jury on felony murder. It was not error for the trial court to instruct the jury on both as the evidence before the jury supported the instructions.

6. In his last enumeration of error, appellant contends the trial court erred in failing to give his Request to Charge Number Ten and Thirteen. Appellant requested the trial court charge the jury that where the facts and evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of law compel the acceptance of the theory which is consistent with innocence. Appellant's other request to charge was substantially the same. Appellant argues that because the evidence of intent was cir-

cumstantial, and because he advanced a theory of accident as his defense, it was error for the trial court to refuse to instruct the jury as requested.

The requested charges may be appropriate in wholly circumstantial cases, but not in cases where there is direct evidence. *Stonaker v. State,* 134 Ga. App. 123, 126 (213 SE2d 506) (1975), reversed on other grounds, 236 Ga. 1 (1976). See also, *Fleming v. State,* 137 Ga. App. 805, 806 (224 SE2d 792) (1976) and *Nolen v. State,* 124 Ga. App. 593 (184 SE2d 674) (1971). In the case sub judice, there was sufficient direct evidence from which the jury could find appellant acted with malice aforethought when he shot the victim.

The trial court gave a very detailed and lengthy charge on circumstantial evidence and charged the jury that criminal intent could not be presumed. When the trial court's instructions are considered as a whole, it is clear that the jury was sufficiently instructed on all applicable principles of law. The trial court did not commit reversible error by refusing to charge the jury as requested by appellant.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED DECEMBER 20, 1983.

*Bobby Lee Cook, J. Dunham McAllister,* for appellant.

*Robert E. Keller, District Attorney, William L. McKinnon, Assistant District Attorney, Michael J. Bowers, Attorney General, William B. Hill, Jr., Senior Assistant Attorney General,* for appellee.