## 76249. ROBINSON v. THE STATE.
(368 SE2d 533)

DEEN, Presiding Judge.

Dennis Lamar Robinson was tried by a jury for the offenses of armed robbery and possession of a firearm by a convicted felon. He was found guilty on both counts and contends on appeal that the court below erred in denying his motion for leave to retain a psychiatrist to assist in his defense because insanity was the only defense asserted at trial. *Held*:

The motion was filed prior to trial and stated that the court needed to determine appellant's mental state at the time he committed the armed robbery, and that he intended to raise the issue of his sanity at the time of the robbery. He contended that he could not form the requisite intent to commit the offenses because of his intoxication. The trial court ordered that he be examined by a psychiatrist in order to aid the court in determining his mental state at the time of the armed robbery and his competency to stand trial. The psychiatric examination was done, and the psychiatrist was of the opinion that the accused was sane at the time the crime was committed. His history of alcoholism was noted, and the psychiatrist recommended that he receive treatment for it. The report also noted the stress under which Robinson had been placed since losing his job.

After receiving the psychiatrist's report, the court held a hearing to determine if Robinson should have an expert appointed to assist him in his defense. At the hearing, defense counsel merely asserted that appellant's defense would be entirely psychiatric notwithstanding the findings in the evaluation report. No evidence of other psychiatric problems was presented to the court. The trial court denied the motion, holding that the accused had failed to make a showing that his sanity would be a significant factor at trial.

"[W]here a showing is made that the defendant's sanity is likely to be a significant factor at trial, the state is required to provide an indigent defendant with access to the assistance of a competent *psychiatrist* in preparing the defense." *Lindsey v. State*, 254 Ga. 444, 448 (330 SE2d 563) (1985), discussing *Ake v. Oklahoma*, 470 U. S. 68 (106 SC 1087, 84 LE2d 53) (1985). The mere filing of a motion does not constitute a preliminary showing that sanity at the time of the offense is likely to be a significant factor at trial. Id. at 448.

In the instant case, as in *Eady v. State*, 182 Ga. App. 293, 297 (355 SE2d 778) (1987), the court ordered a psychiatric examination of the accused. The report found he was competent to assist in his defense, that he knew the difference between right and wrong, that he was able to understand the legal proceedings he faces, that his intellectual capacities are well preserved, and that he was aware of the nature and the seriousness of the charges against him. The psychiatrist did note his past history of alcohol abuse and recommended treatment, but found no evidence of a mental disorder which would have aggravated his ability to distinguish right from wrong, and no evidence of a delusional compulsion. The psychiatrist went on to find the aforementioned stress factor, which precipitated a drinking episode after a long period of abstinence, during which the crimes were committed. While interim concerns of chronic care center on "treatment," the ultimate penal process points toward criminal "punishment" for any crimes committed. See *Burger v. State*, 118 Ga. App. 328 (163 SE2d 333) (1968), and *Grimes v. Burch*, 223 Ga. 856 (159 SE2d 69) (1968).

We find that, in the absence of a finding of any type of insanity which would be a significant factor in appellant's defense, the trial court did not err in denying the motion. The defendant was required to make a showing that his sanity was likely to be a significant factor at trial. *Lindsey v. State*, supra. This he failed to do.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988.

John J. Martin, Jr., for appellant.
Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney, for appellee.