S93A1000. BARNER v. THE STATE.

(434 SE2d 484)

FLETCHER, Justice.

David William Barner was convicted of murder and sentenced to life in prison for the death of Ernestine Hartage. He appeals from that conviction.[1] We affirm.

1. In his first and third enumerations of error, Barner argues that

---

[1] The victim was killed sometime during the early morning of September 27, 1991. Barner was indicted on June 19, 1992. The jury returned its verdict of guilty on the charge of murder and Barner was sentenced to life in prison on July 7, 1992. His motion for new trial, filed on July 28, 1992, was denied on December 31, 1992. Pursuant to his notice of appeal dated January 4, 1993, Barner's appeal was docketed in the Court of Appeals on January 12, 1993, transferred to this court by order dated March 25, 1993, and docketed in this court on April 5, 1993. The case was submitted for decision without oral argument on May 21, 1993.

there was insufficient evidence to support his conviction as all of the evidence against him was circumstantial and that the circumstantial evidence did not exclude every reasonable hypothesis except guilt. Barner further complains that the trial court erred in not charging the jury that in order for circumstantial evidence to support a conviction, that evidence must exclude every reasonable hypothesis except that of guilt.

Although the state's evidence consisted largely of circumstantial evidence, the state presented direct evidence of Barner's guilt, including a statement from Barner concerning his actions the night of Hartage's death. If the state's evidence is based in whole or in part on circumstantial evidence, a defendant is entitled to a charge on the law of circumstantial evidence, *if requested. Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991). Although Barner would have been entitled to the charge concerning circumstantial evidence if he had requested such a charge, counsel's only response to the court's inquiry as to whether he had any requests to charge was "Just your regular." Barner makes no showing that the trial court's "regular" charge would include the charge he now complains of nor will we allow such a general statement to be sufficient to place a trial court on notice of a defendant's request. Since the state did present some direct evidence and the defendant did not specifically request a charge on circumstantial evidence, the court committed no error when it did not charge the jury on this point of law. We have reviewed the record and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crime of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During its deliberations the jury requested that certain portions of the trial transcript be read to them as they did not remember Barner's testimony concerning the color of the pants he was wearing the night of the incident. In making this request, the jury foreman referred to a statement made by the prosecutor during closing argument, stating the prosecutor "testified" that none of the pants recovered from Barner were ripped. Barner asserts that it was error for the court not to correct the juror's characterization of the prosecutor's argument as "testimony." However, Barner failed to object, request curative instructions or move for a mistrial. Consequently, we find that Barner's complaint concerning this issue was waived by Barner's failure to object at the time of the alleged error.

3. Barner asserts as error the trial court's failure to charge the jury on the lesser included offenses of voluntary and involuntary manslaughter. When the trial court inquired if Barner had any charges for the jury, counsel responded "Just your regular." There is nothing in the record to suggest that this comment put the court on

notice that Barner wanted a charge on voluntary and involuntary manslaughter. Moreover, this oral request did not conform to the procedural rules enumerated in *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976) wherein we held that failure to charge on a lesser included offense is not error absent a *written* request. *Stonaker*, 236 Ga. at 2. This enumeration is without merit.

4. Prior to July 1, 1992, OCGA § 15-12-165 provided that criminal defendants could exercise twenty peremptory strikes to the state's ten. By amendment that took effect on July 1, 1992, the General Assembly reduced the defendant's number of strikes to twelve and reduced the state's to six. Barner was arrested and indicted prior to July 1 but his trial began after that date. Barner was restricted to 12 peremptory strikes and contends that this restriction constituted a retroactive application of the amendment that denied him a substantive right. Since we conclude that peremptory strikes are a procedural rather than a substantive right, this contention has no merit.

Statutes that only govern the procedure of the courts are given retroactive effect absent an expressed intention to the contrary. *Pritchard v. Savannah Street &c. Co.*, 87 Ga. 294, 299-301 (13 SE 493) (1891). The exercise of peremptory strikes has long been recognized as a procedure created to assist litigants in obtaining a fair and impartial jury and not an independent substantive right. The substantive right involved is the right to an impartial jury and peremptory strikes are merely one possible procedure that can be used to obtain such a jury. *Stilson v. United States*, 250 U. S. 583, 586-587 (40 SC 28, 63 LE 1154) (1919); *Ross v. Oklahoma*, 487 U. S. 81, 88 (108 SC 2273, 101 LE2d 80) (1988) and *Edmonson v. Leesville Concrete Co.*, 500 U. S. ___ (111 SC 2077, 2083, 114 LE2d 660) (1991). Because strikes are procedural and not substantive in nature, Barner was not deprived of any protected right by the application of the amended version of OCGA § 15-12-165, regardless of whether such application was retroactive.

5. In his last enumeration of error, Barner asserts that the ineffective assistance of trial counsel denied him a fair trial. Barner bases his claim on four alleged errors committed at trial. Specifically, he asserts that counsel's failure to request a charge on circumstantial evidence, his failure to request a charge on manslaughter, his failure to request curative instructions when the jury foreperson referred to the prosecutor's argument as testimony and his failure to adequately investigate the case prior to trial, prejudiced his defense.

The standard for evaluating a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A defendant has the burden of establishing that the attorney's representation fell below "an objective standard of reasonableness" and that there is a reasonable probability

that, but for counsel's error, "the result of the proceeding would have been different." *Strickland*, 466 U. S. at 695-696; see also *Bowley v. State*, 261 Ga. 278, 280 (404 SE2d 97) (1991).

The four alleged errors enumerated by Barner do not meet the standard of review established in *Strickland*. Barner does not show that there was a reasonable probability that the result of his trial would have been different had his counsel requested a charge on circumstantial evidence. Likewise, the failure to request a charge on manslaughter does not fall below the reasonableness standard because such failure could have resulted from counsel's purposeful choice of trial tactics. Barner's defense at trial was that someone other than he caused the injuries that resulted in the victim's death. A jury charge on manslaughter would have been inconsistent with this defense and trial counsel could have reasonably chosen not to weaken his defense by having the jury consider manslaughter.[2]

With regard to the juror's comment concerning testimony by the prosecutor, we find it unnecessary to decide the reasonableness of counsel's failure to request curative instructions because Barner has shown no harm resulting from this comment. The fact referred to by the juror was incorporated as part of the state's closing argument, but was properly introduced into evidence through the testimony of a police officer. Barner has shown no probability that the result of the proceeding would have been different had the trial court corrected the juror's incorrect (and probably inadvertent) reference to the source of this testimony.

The final allegation of ineffectiveness presents a closer question. Barner testified that the victim tore the pockets of his pants trying to take money from him. The state introduced a sealed paper bag which an officer testified contained all of the pants recovered from Barner. The officer further testified that none of the pockets of the pants in the bag were torn. During deliberations the jury asked the court to provide to them the portion of the transcript where Barner testified about the color of the pants he was wearing the night of the incident. The jury reported that upon opening the sealed bag they had discovered, contrary to the officer's testimony and the state's argument, a pair of pants that had torn pockets but that none of them could remember Barner's testimony concerning the color of his pants. Barner asserts that his trial counsel's conduct fell below an objective standard of reasonableness because counsel never inspected the contents of the bag prior to the trial, permitted the state to introduce the still sealed bag into evidence and allowed that sealed bag to go out to the

---

[2] We expressly do not decide whether there was sufficient evidence to support a charge on voluntary or involuntary manslaughter.

jury room with the jurors without inspecting, or even verifying, its contents.

We agree that failure to examine the contents of a bag of evidence falls below an objective standard of reasonableness.[3] Barner has not, however, shown any evidence that this failure prejudiced his defense. If the ripped pants were indeed the ones Barner referred to in his testimony, that fact is merely corroboration of a part of his testimony that has no bearing on his guilt or innocence. Based on our review of the record, we affirm the trial court's conclusion that the result of the proceeding would not have been different absent counsel's error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993.

*Oxford, McKelvey & Jones, Randolph B. Jones,* for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.

---

[3] The better practice would be for trial judges to require that sealed opaque bags (or other containers) of evidence be opened and displayed before being introduced into evidence.