## A94A1686. PERKINS v. THE STATE.
### (450 SE2d 324)

RUFFIN, Judge.

Perkins appeals from his conviction of obstruction of an officer and battery as well as the denial of his motion for new trial. Perkins does not dispute he attacked an assistant district attorney during a motions hearing in a prior case, the act giving rise to the instant case. Rather, Perkins, who is indigent, contends the trial court erred by not granting his motion to appoint a psychiatrist to assist in defending his case.

Before trial, Perkins filed a motion for expert assistance and notice of his intent to raise mental health issues. The court ordered psychiatrist Dr. James S. Cheatham to evaluate Perkins regarding his competency to stand trial and his criminal responsibility or mental capacity at the time of the attack. Dr. Cheatham concluded Perkins "is presently capable of understanding the nature and object of the proceedings against him . . . capable of rendering counsel assistance in providing a proper defense . . . [and] possessed sufficient mental capacity at the time of the acts of which he is charged to distinguish right from wrong in relation to the alleged acts."

When the case was called for trial, Perkins again requested the court to provide funds for a psychiatrist to assist in his defense. The court ordered Dr. Cheatham to reevaluate Perkins, this time taking into account the impressions of the attorney who represented Perkins at the time of the attack, as well as those of his current attorney. After his second evaluation, Dr. Cheatham concluded Perkins was "presently competent and understanding of the proceedings against him, and to assist counsel in his own defense."

Although Perkins' counsel waived any issues with respect to his competency to stand trial, he contends the trial court failed to determine whether his sanity was a significant factor in his defense, thereby entitling him to psychiatric assistance. Perkins contends this determination is separate and distinct from that of whether he had the mental capacity at the time of the attack to distinguish right from wrong in relation to the attack.

"[W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial,

the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake v. Oklahoma*, 470 U. S. 68, 83 (105 SC 1087, 84 LE2d 53) (1985). See also *Callaway v. State*, 208 Ga. App. 508, 510 (1) (431 SE2d 143) (1993). "[T]he appointment of a psychiatrist is not always necessary, even when the defense makes a motion for appointment of one." *Lindsey v. State*, 254 Ga. 444, 449 (330 SE2d 563) (1985). "The trial court is authorized to order a psychiatrist, or perhaps some other competent mental health expert, to examine the defendant in order to determine whether his sanity is likely to be a significant factor in his defense." Id. at 449. "The mere filing of a motion does not constitute a preliminary showing that sanity at the time of the offense is likely to be a significant factor at trial. [Cit.]" *Robinson v. State*, 186 Ga. App. 767, 768 (368 SE2d 533) (1988).

Perkins failed to show that his sanity at the time of the attack would be a significant factor in his defense. Although sanity was virtually his only defense, and he presented evidence that his behavior at the time of the attack was unusual, the psychiatrist concluded, without equivocation, that Perkins was sane at the time of the attack and was competent to assist in his own defense. "Whether to grant the motion . . . [is] in the discretion of the trial court. That determination will not be overturned unless an abuse of discretion is shown." (Citations and punctutation omitted.) *Callaway*, supra at 510. Having reviewed the evaluations and the evidence presented by Perkins, the trial court was in a position to determine whether his sanity would be a significant factor at trial. Under the circumstances we see no abuse of discretion in the court's denial of Perkins' motions. See *Eady v. State*, 182 Ga. App. 293, 297 (5) (355 SE2d 778) (1987).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994.

*David C. Butler*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.