A03A1997. LaCOUNT v. THE STATE.
(593 SE2d 885)

PHIPPS, Judge.

Harold LaCount was indicted on two counts of armed robbery and possession of a firearm during the commission of a crime. A jury found him guilty as charged. On appeal, he contests the sufficiency of the evidence, challenges the denial of his request for funds to obtain

---

an independent psychological evaluation and the denial of his motions for mistrial, complains of a remark made by the prosecutor during closing argument, and claims that his trial counsel was ineffective. Because LaCount has not shown reversible error, we affirm.

1. LaCount contends that the evidence was insufficient to support his convictions.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

The state's evidence showed that on November 26, 1996, three men entered a beauty supply store. They ordered the cashier to open the register, while one of the men pointed a gun at her. When she opened the register, the gunman took money from it. The gunman next forced a customer to hand him her necklace by threatening to shoot her. The cashier, as well as another employee and two customers who had been in the store during the incident, identified LaCount as the gunman. A fingerprint lifted from a store product that the gunman had picked up matched that of LaCount.

Contrary to LaCount's contention, the evidence was sufficient.[2]

2. LaCount contends that the trial court erred in denying his motion for funds for a second psychological evaluation.

LaCount initially moved for funds for an examination to determine whether he had the mental capacity to distinguish between right and wrong at the time of the offenses, whether he had been suffering from a "delusional compulsion" that overcame his ability to resist committing the offenses, whether he possessed sufficient memory skills, and whether he was competent to stand trial. The trial court granted the motion, ordering an evaluation of LaCount's mental competence at the time of the offenses and his competency to stand trial for the charges.

Nic D'Alesandro, Ph.D., Forensic Services Coordinator of the Georgia Regional Hospital in Savannah, conducted psychological testing of LaCount. He also reviewed documents maintained by that hospital regarding LaCount's prior treatment there in 1988, which

---

[1] (Footnote omitted.) *Faulkner v. State*, 260 Ga. App. 794 (581 SE2d 365) (2003).

[2] See *Jackson*, supra; *Faulkner*, supra; *Whitehead v. State*, 232 Ga. App. 140-141 (1) (499 SE2d 922) (1998).

had resulted in his diagnosis of "Conduct Disorder, Solitary Aggressive and Borderline Intellectual Functioning." Further, D'Alesandro noted that, at various times, LaCount had been diagnosed with alcohol dependence and attention deficit hyperactivity disorder. However, D'Alesandro found no indication that LaCount had been suffering from "an uncontrollable delusional thought process" at the time of the offenses and found that LaCount's behavior had consistently been "volition and goal-directed, free from the effects of a psychiatric disorder." D'Alesandro determined that LaCount had intact memory skills and that he was competent to proceed with a trial.

LaCount then moved for funds for an examination independent of Georgia Regional. At a hearing, LaCount presented the testimony of his mother, who stated that during his kindergarten and school years, he had been placed on Ritalin and other "medications," that he once attended a school for "emotionally disturbed children," and that during the six or seven years leading to his arrest in this case, he had been receiving Supplemental Security Income benefits. The record further shows that LaCount's mother testified that LaCount knew right from wrong, that he did not act "bizarrely" at home, and that he suffered from "mostly behavior problems, emotional-behavior problems." Finding that nothing in the evidence demonstrated a need for a second evaluation, conducted independent of Georgia Regional, the trial court denied LaCount's motion.

Whether to grant a motion for funds for a psychiatric examination is within the discretion of the trial court.[3] That determination will not be overturned unless an abuse of discretion is shown.[4]

> "(W)hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake v. Oklahoma*, 470 U. S. 68, 83 (105 SC 1087, 84 LE2d 53) (1985). [Cit.] "[T]he appointment of a psychiatrist is not always necessary, even when the defense makes a motion for appointment of one." *Lindsey v. State*, 254 Ga. 444, 449 (330 SE2d 563) (1985). "The trial court is authorized to order a psychiatrist, or perhaps some other competent mental health expert, to examine the defendant in order to determine whether his sanity is likely to be a significant factor in his defense." Id. at 449. "The mere filing of a motion does not constitute a

---

[3] *Callaway v. State*, 208 Ga. App. 508, 510 (1) (431 SE2d 143) (1993).
[4] Id.

preliminary showing that sanity at the time of the offense is likely to be a significant factor at trial. [Cit.]" *Robinson v. State*, 186 Ga. App. 767, 768 (368 SE2d 533) (1988).[5]

LaCount asserts that, with a second evaluation, he could have established an insanity defense. In addition, he makes a bare assertion that D'Alesandro "was not a psychologist or psychiatrist" and a "more qualified expert" should have been used.

An insanity defense requires a showing that a defendant did not have the ability to distinguish between right and wrong at the time of the alleged crimes.[6] Although LaCount offered evidence of a history of mental or emotional problems, that evidence did not demonstrate by itself an inability to distinguish between right and wrong.[7] Furthermore, LaCount did receive at the state's expense a mental evaluation, which addressed his claim of previous and ongoing mental deficiency and resulted in a finding that he could distinguish between right and wrong at the time of the offense and that he was then competent to stand trial. LaCount has pointed to no evidence of D'Alesandro's credentials, or lack thereof, and thus has not shown that the evaluation he received was not by a "competent mental health expert."[8] We cannot say that the evidence, including the testimony of LaCount's mother, demonstrated a need for a second evaluation and thus find no abuse of discretion in the denial of LaCount's motion for funds for an evaluation independent of Georgia Regional.[9]

3. LaCount contends that the court erred in denying his motion for mistrial, arguing that his character was impermissibly placed into evidence during the state's examination of the deputy sheriff who had taken the set of his fingerprints used in the comparison with the fingerprint lifted from the scene. At issue is the following colloquy:

Q: . . . are you absolutely certain that these are Harold LaCount's fingerprints that you made?
A: Yes, ma'am. . . .
Q: Okay, and this would be when he was arrested?

---

[5] *Perkins v. State*, 215 Ga. App. 296-297 (450 SE2d 324) (1994).

[6] *Bright v. State*, 265 Ga. 265, 273 (2) (e) (455 SE2d 37) (1995).

[7] See id.

[8] See *Christenson v. State*, 261 Ga. 80, 85 (2) (e) (402 SE2d 41) (1991) (preliminary evaluation may be conducted by a psychiatrist or " 'some other competent mental health expert' ") (citation omitted).

[9] See *Bright*, supra at 273-274; *Christenson*, supra at 82-83 (2) (c); *Perkins*, supra at 297; *Johnson v. State*, 209 Ga. App. 514, 516 (2) (433 SE2d 717) (1993); *Callaway*, supra at 510-511.

A: Yes, ma'am. The date of arrest is on here. He was arrested it says 10/10/95.

Outside the jury's presence, defense counsel moved for a mistrial, asserting that LaCount's character had been impermissibly placed into evidence because the testimony revealed that LaCount had a prior arrest.

The court denied the motion, instructed the jury to disregard the deputy sheriff's testimony, and informed the jury that the trial would proceed with another witness while "matters involved in that testimony" were resolved. Before the deputy sheriff was recalled, the court required the fingerprint card to be redacted to eliminate any reference to a prior arrest. When the deputy sheriff was recalled, there was no reference to the date or purpose of the fingerprints. The redacted card was admitted into evidence.

It is within the trial judge's discretion to determine whether a mistrial must be granted or whether the prejudicial effect can be corrected by instructions that withdraw the testimony from the jury's consideration.[10] This court will not interfere with that determination unless a mistrial was " 'essential to the preservation of the right to a fair trial.' "[11]

Where the court gives proper instructions to disregard the reference to a past arrest, it is not reversible error to deny a motion for mistrial based on such reference.[12] The court in this case instructed the jurors to disregard the cited testimony by the deputy sheriff, and there was no subsequent reference to the date or purpose of the set of fingerprints. The copy of the fingerprint card that was sent out with the jury had been redacted to contain only general information about LaCount. Because a mistrial was not essential to preserve LaCount's right to a fair trial, we will not disturb the trial court's determination.[13]

4. LaCount contends that the court erred in denying his motion for mistrial when the prosecutor told the jury during closing argument that Count 3 of the indictment charged him with possession of a firearm "by a convicted felon."

Outside the presence of the jury, LaCount's attorney moved for a mistrial, arguing that the statement had impermissibly placed LaCount's character in issue. The prosecutor responded that she had made a misstatement, that LaCount was not a convicted felon, and

---

[10] *Dimauro v. State*, 185 Ga. App. 524 (2) (364 SE2d 900) (1988).

[11] *Smith v. State*, 244 Ga. App. 165, 168 (3) (534 SE2d 903) (2000).

[12] *Dunn v. State*, 251 Ga. 731, 734 (4) (309 SE2d 370) (1983); *Googe v. State*, 237 Ga. 175, 176 (1) (227 SE2d 51) (1976); *Lynch v. State*, 234 Ga. 446, 448 (B) (216 SE2d 307) (1975); *Dimauro*, supra at 524-525.

[13] See *Dunn*, supra; *Googe*, supra; *Lynch*, supra; *Dimauro*, supra.

that she had intended to say that Count 3 charged LaCount with possession of a firearm "during the commission of a felony."

The court denied the motion and instructed the jurors that

> [the prosecutor] made a misstatement in her argument to you in regard to count three. The count alleges that the Defendant possessed a firearm during the commission of a felony crime, which was the armed robbery itself. She said that he was [a] convicted felon. . . . This Defendant is not a convicted felon. You're not to even consider that in your deliberations. He is not a convicted felon. . . . What she meant to say was that he possessed a firearm during the commission of a felony crime, armed robbery. And that is the issue that you will consider.

The prosecutor then resumed closing argument, apologized, and corrected herself, stating that the count charged possession of a firearm "during the commission of a felony."

LaCount's attorney did not renew the motion for mistrial. Consequently, this claim of error is waived.[14]

5. LaCount complains that the prosecutor told the jury during closing argument that the cashier had "testified truthfully." LaCount is correct that an attorney may not state to the jury his or her personal belief about the veracity of a witness.[15] But as defense counsel failed to object, this claim of error is waived.[16]

6. Citing two alleged errors, LaCount contends that his trial counsel rendered him ineffective assistance of counsel.

> The standard for evaluating a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A defendant has the burden of establishing that the attorney's representation fell below "an objective standard of reasonableness" and that there is a reasonable probability that, but for counsel's error, "the result of the proceeding would have been different." *Strickland*, 466 U. S. at 695-696. [Cit.][17]

First, LaCount cites defense counsel's failure to renew the motion for mistrial on the ground that the prosecutor stated during closing argument that Count 3 charged him with possession of a firearm "by a convicted felon." The record shows that the court plainly

---

[14] *Stone v. State*, 257 Ga. App. 306, 309 (1) (570 SE2d 715) (2002).
[15] *Bolden v. State*, 272 Ga. 1, 2 (525 SE2d 690) (2000).
[16] *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).
[17] *Barner v. State*, 263 Ga. 365, 367-368 (5) (434 SE2d 484) (1993).

instructed the jurors that the prosecutor's remark was a misstatement, that LaCount was not charged with possessing a firearm as a convicted felon, that he was not a convicted felon, that Count 3 charged him with possessing a firearm during the commission of a felony, and that they were to consider that charge and not the misstated charge. The court's curative instruction was sufficient,[18] and thus defense counsel's performance was not deficient for failure to renew the motion for mistrial.[19]

Second, LaCount cites defense counsel's failure to object or move for mistrial when the prosecutor stated during closing argument that the cashier had "testified truthfully." "(I)t is improper for counsel to state to the jury his personal belief as to the veracity of a witness. (Cits.) However, it is not improper for counsel to urge the jury to deduce such a conclusion from proven facts."[20]

The record shows that defense counsel, while not presenting any evidence, attacked the state's case by focusing cross-examinations on inconsistencies and weaknesses in the testimony of the state's witnesses. Review of the state's entire argument makes it clear that the tenor of the statements surrounding the complained-of remark was to counteract those attacks, by urging the jury to believe that the state's witnesses had accurately identified LaCount as the armed robber. In offering an explanation for any inconsistencies, the prosecutor further stated,

> And when witnesses are testifying truthfully, there may be some differences in what one witness says and what another witness says. It would be very easy to put them all in the same room and have them rehearse their stories, and they all come in and say the exact same thing, but that would not be the truth. It's up to you the jury to determine the truth.

Notwithstanding, as the isolated remark appears to express the prosecutor's personal beliefs, it was improper.[21] But in light of the entire closing argument and the abundance of evidence identifying LaCount as the perpetrator of the crimes, we conclude that LaCount has not demonstrated that a reasonable probability exists that, but for counsel's alleged error of neither objecting nor moving for mistrial, the result of his trial would have been different.[22]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[18] See *Gordian v. State*, 261 Ga. App. 75, 77 (2) (581 SE2d 616) (2003).
[19] See *Barner*, supra.
[20] *Alexander v. State*, 263 Ga. 474, 477 (2) (d) (435 SE2d 187) (1993).
[21] See id. at 477-478.
[22] See id.; see *Barner*, supra.

*Jackson & Schiavone, Michael G. Schiavone, Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Lori T. Loncon, Jerome M. Rothschild, Jr., Assistant District Attorneys*, for appellee.